Law Offices
James A. Dunlap Jr. & Associates LLC
310 Windsor Gate Cove NE
Atlanta, Georgia  30342

Phone:  (404) 354-2363                                                                          E-mail:
Fax:  (404) 745-0195                                                            jim@jamesdunlaplaw.com

July 29, 2013

VIA EMAIL AND REGULAR MAIL

The Honorable Kim Summers
Administrative Judge
Administrative Procedures Division
Tennessee Department of State
William R. Snodgrass Tennessee Tower
312 Rosa L. Parks Ave. North, 8th Floor
Nashville, TN  37243

Re:   **Tri-Cities Holdings LLC d/b/a Trex Treatment Center**
      **CON #1303-005D**
      **Docket No.:  T.B.A.**

      **Tri-Cities Holdings LLC, et al. v. Tennessee Health Services and Development Agency, et al.**
      **United States District Court (M.D. Tenn.)**
      **Case No. 3:13-cv-669**

Dear Judge Summers:

   Since Mr. Christoffersen refused to consent to a stay of the administrative appeal in his letter dated today, I would respectfully move for you to stay this administrative appeal process pending resolution of the federal court action.  The administrative appeal claims are included as pendant claims in Counts 13 and 14 in the federal complaint.  I'm attaching a copy of the federal complaint.

   Mr. Christoffersen contends there is a requirement for TCH to exhaust its administrative remedies before pursuing the federal action.  However, I would note that federal courts clearly hold there is no need to exhaust administrative remedies to bring a claim under the ADA or the Rehabilitation Act.[1]  I would also again note that

---

[1] *Zimmer v. State of Ore. Dept. of Justice*, 170 F.3d 1169, 1177-78 (9th Cir. 1999) (title II incorporates Rehabilitation Act's provisions, including lack of exhaustion requirement);  see also *Downs v. Mass. Bay Transp. Auth.*, 13 F. Supp. 2d 130, 134 (D. Mass. 1998) (title II requires no exhaustion); *Cable v. Dept. of Develop. Svcs.*, 973 F. Supp. 937, 940 (C.D. Cal. 1997) (courts have consistently held no exhaustion under title II of ADA); *Wagner v. Texas A&M Univ.*, 939 F. Supp. 1297, 1309 (S.D. Tex. 1996); *Roe v. County Comm'n of Monongalia Cty.*, 926 F. Supp. 74, 77 (N.D.W.V. 1996); *Noland v. Wheatley, et al.*, 835 F. Supp. 476 at 482 (N.D. Ind. 1993). See also *Neighborhood Action Coalition v. City of Canton, Ohio*, 882 F.2d 1012, 1015 (6th Cir. 1989) (holding,

federal law is supreme and controlling over any and all state law or rules of procedure and in no way relieves the State of Tennessee, HSDA, or Johnson City from their affirmatives duties to comply with the ADA and the Rehabilitation Act and which they are clearly in violation of at present.[2]

Again, the present situation in Johnson City constitutes a public health catastrophe (with approximately one death from drug overdose occurring in the Proposed Service Area every three days). By copy of this letter I am again respectfully asking you, HSDA, and Johnson City to provide a reasonable modification under the ADA and the Rehabilitation Act to allow TCH to locate its OTP clinic in Johnson City.

Sincerely,
James A. Dunlap Jr. & Associates LLC

James A. Dunlap Jr.

JAD/jd

Cc: Jim Christoffersen, General Counsel HSDA (via email)
Erick Herrin, City Attorney for Johnson City, TN (via email)

---

under title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000, that litigants need not exhaust their administrative remedies before pursuing their private cause of action in federal court). Similarly, several Section 504 cases have held that persons need not exhaust administrative remedies. *See, e.g.*, *Tuck v. HCA Health Servs. of Tenn., Inc.*, 7 F.3d 465, 471 (6th Cir. 1993) (exhaustion of federal administrative remedies is not required); *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990) (same).

[2] *Tennessee v. Lane*, 541 U.S. 509 (2004).