IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRI-CITIES HOLDING, LLC, et al. | ) ) ) |
| v. | ) NO. 3-14-1197 ) JUDGE CAMPBELL |
| TENNESSEE ADMINISTRATIVE PROCEDURES DIVISION, et al. | ) ) ) |

MEMORANDUM

Pending before the Court is Defendants' Motion for Change of Venue (Docket No. 19). For the reasons stated herein, Defendants' Motion is GRANTED, and the Clerk is directed to transfer this case to the United States District Court for the Eastern District of Tennessee, Northeastern Division.

This action arises from the alleged unlawful refusal of the Tennessee Health Services and Development Agency ("HSDA") to issue a Certificate of Need ("CON") to Plaintiff and the alleged unlawful refusal of the City of Johnson City, Tennessee, to grant a necessary zoning variance and business and use permits to Plaintiff to establish an Opioid Treatment Program in Johnson City. Plaintiff alleges claims under the Rehabilitation Act, the Americans with Disabilities Act, and under the Constitutional provisions (both federal and state) concerning due process.

Defendants assert that this is the third lawsuit concerning these issues. The first was filed in the Eastern District of Tennessee before U.S. District Judge Greer against Johnson City governmental entities. Judge Greer dismissed that action without prejudice as unripe because Plaintiff had not yet obtained a CON or a license from the state. Before dismissing the lawsuit, however, Judge Greer conducted an all-day evidentiary hearing and stated in his Order that he was

ready to rule on the legal issues presented by Plaintiff if and when the case became ripe. Docket No. 19-1.

Plaintiff filed its second related lawsuit in the Middle District of Tennessee before Judge Haynes against the Johnson City Defendants and the HSDA. Upon Defendants' Motion, Judge Haynes transferred the action to the Eastern District of Tennessee "in the interests of justice." Docket No. 19-3. The action proceeded before Judge Greer, who allowed Plaintiff to amend its Complaint to add the members of HSDA and HSDA's executive director as Defendants. Judge Greer issued a stay of the case until such time as Plaintiff obtains a CON from the HSDA and a license from the state Department of Mental Health and Substance Abuse Services. Docket No. 19-4. Plaintiff has appealed Judge Greer's Order to the Sixth Circuit Court of Appeals, and both Judge Greer and the Sixth Circuit have denied Plaintiff's request for preliminary injunction pending appeal.

Plaintiff also has pending a state administrative appeal of the HSDA's initial denial of Plaintiff's request for a CON. Plaintiff has appealed at least one Order in that case to the Davidson County Chancery Court, and that appeal is still pending.

Defendants seek transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the permissible language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In this case, the interests of justice require that this case be transferred to the Eastern District of Tennessee where at least one related case is currently pending. Plaintiff's arguments against a transfer are not persuasive. The Court is not persuaded that it should deny the Motion based upon Plaintiff's allegations of "virulent hatred of the disabled" or Plaintiff's claims of "blatant discrimination across virtually the entire Eastern District of Tennessee." Judge Greer is familiar with the underlying facts of this dispute, and an appeal of his rulings is pending before the Sixth Circuit. It is in the best interest of the parties, the witnesses, and the Court that all these related issues be determined in one forum.

For these reasons, the Court, in its discretion, GRANTS Defendants' Motion to Change Venue, and the Clerk is directed to transfer this file to the Eastern District of Tennessee, Northeastern Division.

IT IS SO ORDERED.

/s/ Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3

Case 2:14-cv-00233-JRG-MCLC   Document 35   Filed 07/24/14   Page 3 of 3   PageID #: 1319