UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TRI-CITIES HOLDINGS LLC, et al.,       )
                                        )
            Plaintiffs,                 )
                                        )
v.                                      )      NO.: 2:14-CV-233
                                        )
TENNESSEE ADMINISTRATIVE                )
PROCEDURES DIVISION, et al.,            )
                                        )
            Defendants.                 )

## ORDER

The parties filed their Rule 26(f) Report on October 14, 2014, [Doc. 49]. In that report, the plaintiffs contend that discovery should commence at this time upon the schedule set out in the report. Defendants assert that discovery, including initial disclosures, should be stayed due to the unusual circumstances of this case. The defendants set forth the following reasons:

> (A) the fact that this is the fourth related case filed by the Plaintiffs in federal and state courts; (B), the fact that this Court has entirely stayed one of those related actions (and also previously stayed discovery in that action), i.e., Tri-Cities Holdings, Inc. v. Tenn. Health Services and Development Agency, Case No. 2:13-cv-00305-JRG-DHI ("Tri-Cities II"), and that ruling is on appeal in the Sixth Circuit Court of Appeals with oral argument scheduled to take place on December 2, 2014; (C) the fact that this instant action has been transferred by the Middle District of Tennessee to the Eastern District upon the Middle District's determination that it is related to Tri-Cities II and that it is in the best interest of the parties that all these related issues be determined in one forum; and (D) the fact that, as set out in the Defendants' response in opposition to plaintiffs' motion for preliminary injunction (Doc. 31 Page ID #983), Plaintiffs' claims against Tennessee state officials in this instant action must be dismissed as a matter of law because, inter alia, their claims are barred by the long-recognized doctrine of absolute judicial immunity, they have an adequate remedy at law by virtue of their ongoing appeal of the same issues in

> Davidson County Chancery Court, and they have no right to force
> state officials to modify recommendations and expert conclusions
> that are required by state law.

[Doc. 49, pgs. 2-3].

The Court finds the defendants' reasons persuasive. In the interests of judicial economy and in this Court's discretion, it is hereby ORDERED that the case is STAYED. No Scheduling Order shall enter pending an outcome from the Sixth Circuit Court of Appeals. Once a decision has been rendered, the plaintiffs shall inform this Court within ten days.

So ordered.

ENTER:

                                                   s/J. RONNIE GREER
                                            UNITED STATES DISTRICT JUDGE