IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **TRI-CITIES HOLDINGS LLC,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | **Civil Action No. 2:13-cv-305** |
| ) | **Judge Greer** |
| v. ) | |
| ) | |
| **TENNESSEE HEALTH SERVICES AND** ) | |
| **DEVELOPMENT AGENCY,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| | |
| **TRI-CITIES HOLDINGS LLC,** *et al.*, ) | |
| ) | **Civil Action No. 2:14-cv-233** |
| Plaintiffs, ) | **Judge Greer** |
| ) | |
| v. ) | |
| ) | |
| **TENNESSEE ADMINISTRATIVE** ) | |
| **PROCEDURES DIVISION,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

_____

**STATE DEFENDANTS' FURTHER RESPONSE
IN OPPOSITION TO THE LIFTING OF THE STAY IN CASE NO. 2:13-cv-305**
_____

The State Defendants[1] file this further response in opposition to Plaintiffs' Motion to Lift Stay in Case No. 2:13-cv-305 (Docs. 193, 195.) As shown below, the request to lift the stay should be denied. Moreover, as suggested recently by this Court (Doc. 191; Doc. 58 in Case No. 2:14-

---

[1] As used in this filing, "State Defendants" refers to Defendants Tennessee Health Services and Development Agency (HSDA), its executive director, and its members named in their official capacities—who are sued in Case No. 2:13-cv-305—and to Defendants Administrative Procedures Division of the Tennessee Department of State, Secretary of State Hargett and Administrative Judge Summers named in their official capacities, and the Tennessee Department of Mental Health and Substance Abuse Services (TDMHSAS) and its Commissioner named in his official capacity—who are sued in Case No. 2:14-cv-233.

cv-233), both of the captioned cases should be dismissed. Due to the entry of the Tennessee Court of Appeals' decision affirming revocation of TCH counsel's *pro hac vice* petition, which has now become final, along with other recent developments, neither lawsuit any longer poses a justiciable case or controversy.

Before Plaintiffs filed their Motion to Lift Stay (Doc. 193), this Court had already issued Orders (Doc. 191; Doc. 58 in Case No. 2:14-cv-233) requiring the Plaintiffs to show cause why the cases should not be dismissed. Previously, the State Defendants filed a Response to Plaintiffs' Motion to Lift Stay (Doc. 195), asserting that the motion was premature because Plaintiffs needed to address the Orders to show cause first. In their Response, the State Defendants requested that they be permitted to respond to any arguments made by Plaintiffs in response to the show-cause Orders, including any argument that the stay in Case No. 2:13-cv-305 should be lifted. (Doc. 195.)

Plaintiffs' own words, in their Motion to Lift Stay (Doc. 193) and in their Response to Order to Show Cause (Doc. 196), demonstrate that the stay should not be lifted but that instead, both cases should be dismissed. The stay was imposed originally by this Court's Memorandum Opinion and Order because Plaintiff TCH still did not have the required certificate of need (CON) and license and because the prerequisites for issue preclusion on this issue were met. (Doc. 164, PageID # 4715.) Hence, this Court held that Plaintiffs are bound by the Court's prior ruling on the issue; *i.e.*, Doc. 46 in Case No. 2:13-cv-108. (Doc. 164, PageID # 4715.) Now, however, Plaintiffs are attempting to circumvent this Court's Order (Doc. 164) through the mere addition of a new plaintiff, Jane Doe No. 3, whom Plaintiffs assert "would not be subject to any res judicata issue." (Doc. 196, PageID # 5303.)

One reason Plaintiffs have not obtained the required CON and license is the misconduct of their attorney, Mr. James Dunlap, Jr., in the administrative appeal proceedings concerning the

2

denial of TCH's CON application. The upshot of Mr. Dunlap's misconduct was the Tennessee Court of Appeals' affirmance of Administrative Judge Summers' revocation of Mr. Dunlap's *pro hac vice* status in those administrative proceedings; the Court of Appeals agreed that Mr. Dunlap's conduct did not comply with Tennessee Rules of Professional Conduct and that revocation of his *pro hac vice* status was appropriate. (Doc. 186-1, PageID ## 5168-71.) The Tennessee Supreme Court later rejected TCH's Application for Permission to Appeal, rendering that revocation decision final. (Doc. 190.)

Furthermore, TCH recently has undertaken to dismiss its administrative appeal, stating that it was unable to renew its option to lease the site it had originally chosen, and could find no other financially viable locations for a clinic. (Doc. 192, Page ID ## 5272-73.) In response to the motion, Administrative Judge Stovall dismissed the administrative appeal proceedings with prejudice, noting that, since a CON is site-specific, even if TCH did prevail in an appeal, "the CON could not be implemented as proposed because it has no specified location." (Administrative Order of Dismissal With Prejudice, attached as Exh. A.) All costs of the proceedings were assessed against Plaintiff. (*Id.*)

In addition, as Plaintiffs point out in their Response, the HSDA recently granted a CON to the Mountain States Health Alliance/East Tennessee State University ("MSHA/ETSU") for the establishment of a Nonresidential Substitution-Based Treatment Center for Opiate Addiction (OTC) after finding that its application had demonstrated need for such treatment in the Johnson City area (Doc. 196, PageID # 5288), while the TDMHSAS also reported that the application demonstrated need for such care in the area. (Doc. 196, PageID # 5293.) The CON was granted to MSHA/ETSU on August 24, 2016. (Doc. 196, Page ID ## 5298-99.) While Plaintiffs continue to invoke the "Jim Crow South" and "modern-day Nuremberg laws" to decry the fact that the State

3

Defendants granted a CON to MSHA/ETSU, and not to TCH (Doc. 196, Page ID # 5298), it is likely that all of the existing John and Jane Doe Plaintiffs, as well as proposed intervenor Plaintiff Jane Doe # 3, will soon have much closer access to an OTC and methadone maintenance treatment.

Under Article III, § 2, the "judicial Power" of the United States extends only to "Cases" and "Controversies." Standing to sue is part of the common understanding of what it takes to make a justiciable case. *Whitmore v. Arkansas*, 110 S.Ct. 1717, 1722 (1990). The "irreducible constitutional minimum of standing" contains three requirements. *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2136 (1992). First and foremost, there must be alleged (and the plaintiff must "clearly demonstrate") an "injury in fact"—a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Arkansas, supra*, 110 S.Ct. at 1723. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. *Simon v. Eastern Ky. Welfare Rights Organization*, 96 S.Ct. 1917, 1925-26 (1976). And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. *Id.* at 1927-28. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. *See FW/PBS, Inc. v. Dallas*, 110 S.Ct. 596, 607-08 (1990).

Here, where Plaintiff TCH has lost the site for its proposed OTC and has no intention of attempting to find a new site, where its CON administrative appeal has been dismissed with prejudice, and where another OTC soon will likely satisfy the asserted need of the John and Jane Doe Plaintiffs for conveniently-located methadone maintenance therapy, there is no longer any Article III case or controversy. Plaintiffs cannot show that they have suffered any injury in fact that is fairly traceable to the complained-of conduct of the State Defendants. And certainly

4

Plaintiffs cannot demonstrate redressability. An order from this Court awarding the CON that TCH once sought via an application that it has now abandoned—and which could not be implemented even if obtained—would be a meaningless act.[2]

Plaintiffs' Response claims that the "Sixth Circuit plainly stated that Plaintiffs have an ADA claim for stigmatic injury arising from the ADA facial invalidity claims." (Doc. 196, PageID # 5298.) Read in context, however, it appears Plaintiffs have mischaracterized the Sixth Circuit's statement. Instead of finding that Plaintiffs actually have any such claim or right, the Sixth Circuit

---

[2] Above and beyond the threshold Article III case-or-controversy issue, the State Defendants are entitled to dismissal of, or judgment as a matter of law in, both of the captioned cases and will seek such relief if this Court were to lift the stays of the cases:

In Case No. 2:13-cv-305, the Plaintiffs have sued the HSDA, its members, and its executive director, alleging that Tenn. Code Ann. § 68-11-1607(c)(3) is facially discriminatory and invalid because it requires applicants for a CON for an OTC to send notice to local elected officials of the application, and alleging that the HSDA violated the ADA by initially denying TCH's CON application at its June, 2013 meeting. Of course, this Court has previously denied Plaintiffs' motion for a preliminary injunction pending appeal (Doc. 169) and the denial was upheld by the Sixth Circuit. (Docs. 170, 172.) In denying Plaintiffs' motion, this Court found that Plaintiffs' chances of success upon their claim that the Tennessee statute is invalid "are slim," as is "their claim that its purported invalidity entitles them to a CON without the required needs showing under Tennessee law." (Doc. 169, PageID ## 4759-60.) Moreover, while addressing the issue of irreparable harm, this Court provided what may be a preview of its ultimate view of the lack of merit of Plaintiffs' claim that the HSDA violated the ADA in voting to initially deny TCH's CON application:

> [Plaintiffs] make no attempt to show any connection between the notice given pursuant to § 1607 and the denial of their application. They do not take issue with HSDA's conclusion that they have not demonstrated need for the facility as required by state law, at least in this case. And if they do contest those findings, the appropriate forum for that argument is in the context of their administrative appeal, now scheduled for a hearing on July 29, 2014. The transcript of the HSDA hearing is part of the record here. Plaintiffs make no effort to show that what appears to be a thoughtful and appropriate inquiry by members of the HSDA into the merits of plaintiffs' application was anything else.

(Doc. 169, PageID ## 4762-63.)

In Case No. 2:14-cv-233, Plaintiffs have sued Administrative Judge Summers and her Tennessee Secretary of State employers under the Americans With Disabilities Act, as their counsel Mr. Dunlap threatened her they would, for her rulings in the administrative appeal, including her denial of his demand for summary issuance of a CON without a hearing and without a showing that Plaintiff TCH's application met statutory CON criteria. The suit also brings claims against the Commissioner of the Tennessee Department of Mental Health and Substance Abuse Services under the ADA for issuance of a statutorily-required Report and Recommendation with respect to TCH's CON application. The State Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 31, PageID ## 998-1005 in Case No. 2:14-cv-233) sets out the many reasons why Plaintiffs' claims have no likelihood of success on the merits and, in fact, must be dismissed. In addition, the Tennessee Court of Appeals' decision (Doc. 186-1 in Case No. 2:13-cv-305) concerning the revocation of Mr. Dunlap's *pro hac vice* privileges is dispositive of several of Plaintiffs' lawsuit claims.

5

merely addressed the manner in which any such alleged stigmatic injury claims could be addressed—*i.e.*, with compensatory damages—and held that any such "alleged harm from stigma . . . was not irreparable." (Memorandum Decision in Case No. 14-5456, Jan. 29, 2015, Doc. 172, PageID ## 4808-09.) In fact, immediately following these statements, the Sixth Circuit specifically noted that this Court had not erred in concluding that with regard to enforcement of the "Tennessee notice statute" (Tenn. Code Ann. § 68-11-1607(c)(3)) challenged by Plaintiffs, the latter had not shown any connection between that statute and the denial of their CON application, and that "much of the delay in the state administrative appeal was due to Plaintiffs' counsel's motion to stay those proceedings." (Doc. 172, PageID # 4809.)

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' request to lift the stay issued in Case No. 2:13-cv-305 and instead should dismiss both of the captioned cases.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Sara E. Sedgwick
SARA E. SEDGWICK (TN BPR # 4336)
Senior Counsel
SUE A. SHELDON (TN BPR # 15295)
Senior Counsel
P.O. Box 20207
Nashville, TN 37202
(615) 741-2640

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record through the Electronic Filing System on this the 21st day of September, 2016:

James A. Dunlap, Jr.
James A. Dunlap Jr. & Associates LLC
4403 Northside Parkway NW Suite 1413
Atlanta, Georgia 30327
jim@jamesdunlaplaw.com


James S. Higgins
The Higgins Firm PLLC
525 4th Ave. South
Nashville, Tennessee 37210
jsh@higginsfirm.com


K. Erickson Herrin
HERRIN, BOOZE & McPEAK
P.O. Box 629
Johnson City, Tennessee 37605-0629
lisa@hbm-lawfirm.com


Thomas J. Garland, Jr.
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, Tennessee 37744-1060
tgarland@milligancoleman.com

                                                s/Sara E. Sedgwick
                                                SARA E. SEDGWICK

7

Case 2:14-cv-00233-JRG-MCLC   Document 60   Filed 09/21/16   Page 7 of 7   PageID #: 1601