UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| Tri-Cities Holdings LLC, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Case No. 2:14-cv-00233** |
| ) | |
| ) | **Judge Greer** |
| Tennessee Administrative Procedures ) | |
| Division, et al. ) | **Magistrate Judge Corker** |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Tri-Cities Holdings LLC ("TCH""), Jane Doe Nos. 1-2, and John Doe Nos. 1-6 ("Individual Plaintiffs"), by and through their undersigned counsel, hereby file this motion for summary judgment and state as follows:

As a matter of law and undisputed fact, Defendants D. Kim Summers, in her official capacity as Administrative Law Judge, Tennessee Administrative Procedures Division, (collectively "APD"), Defendant Tennessee Department of State, Defendant Tre Hargett, Tennessee Secretary of State, in his official capacity as Tennessee Secretary of State (collectively "DOS"), Tennessee Department of Mental Health and Substance Abuse Services, and E. Douglas Varney, Commissioner, in his official capacity as Commissioner of the Tennessee Department of Mental Health and Substance Abuse Services (collectively "TDMHSAS")( all Defendants collectively "Defendants") are liable to Plaintiffs under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §

793 ("Rehabilitation Act").

1. As to Count No. 1, Plaintiffs are entitled to summary judgment because Summers, APD, and DOS violated the RA by failing to provide TCH a reasonable accommodation to allow it to locate its proposed OTP clinic in Johnson City, Tennessee, and such actions harmed and continue to harm TCH and the persons with disabilities TCH intends to serve, including the Individual Plaintiffs solely because of their disability.

2. As to Count No. 2, are entitled to summary judgment because Summers, APD, and DOS violated Title II of the Americans with Disabilities Act by failing to provide TCH a reasonable accommodation to allow it to locate its proposed OTP clinic in Johnson City, Tennessee, and such actions harmed and continue to harm TCH and the persons with disabilities TCH intends to serve, including the Individual Plaintiffs..

3. As to Count No. 3, Plaintiffs are entitled to summary judgment because Summers, APD, and DOS violated Title II of the Americans with Disabilities Act by failing to provide TCH a reasonable accommodation to allow it to locate its proposed OTP clinic in Johnson City, Tennessee, and such actions harmed and continue to harm TCH and the persons with disabilities TCH intends to serve, including the Individual Plaintiffs.

4. As to Count No. 4, Plaintiffs are entitled to summary judgment because TDMHSAS violated Title II of the Americans with Disabilities Act by failing to provide TCH a reasonable accommodation to allow it to locate its proposed OTP clinic in Johnson City, Tennessee, and such actions harmed and continue to harm TCH and the persons with disabilities TCH intends to serve, including the Individual Plaintiffs.

5. As to Count No. 5, Plaintiffs are entitled to summary judgment because TDMHSAS violated the RA by failing to provide TCH a reasonable accommodation to allow it

to locate its proposed OTP clinic in Johnson City, Tennessee, and such actions harmed and continue to harm TCH and the persons with disabilities TCH intends to serve, including the Individual Plaintiffs..

6. As to Count No. 6, Plaintiffs are entitled to summary judgment because Summers, APD, and DOS violated the RA by failing to provide TCH a reasonable accommodation to allow it to locate its proposed OTP clinic in Johnson City, Tennessee, and such actions harmed and continue to harm TCH and the persons with disabilities TCH intends to serve, including the Individual Plaintiffs.

7. As to Count No. 7, Plaintiffs are entitled to summary judgment because Summers, APD and DOS violated Title II of the ADA by retaliating against TCH, and such actions harmed and continue to harm TCH and the persons with disabilities TCH intends to serve, including the Individual Plaintiffs.

In the alternative, if the Court does not grant summary judgment to the Plaintiffs on liability, then Plaintiffs request that the Court grant partial summary judgment on each of the following discrete issues for which there is dispute of material fact set forth below.

For purposes of the Plaintiffs' Title II ADA claims, the Court should enter summary judgment on the following issues for which there is no dispute of material fact:

8. The Individual Plaintiffs and TCH's prospective patients are addicted to opiates and are individuals with a disability.

9. TCH has associational standing to assert a Section 504 claim under the Rehabilitation Act on behalf of prospective patients of the methadone clinic TCH seeks to establish in Johnson City, Tennessee.

10. The Individual Plaintiffs are qualified to participate in or receive the benefit of" the particular program or activity of the Defendant Johnson City that discriminated against the Individual Plaintiffs.

11. The Individual Plaintiffs were excluded from participation in or denied the benefits of Defendant Johnson City programs, or activities, or were in some other way discriminated against by Defendants denying them access to the methadone clinic which TCH seeks to open in Johnson City.

12. This exclusion, denial of benefits, or discrimination was because of the Individual Plaintiffs' disability.

For purposes of Plaintiffs' Section 504 claim under the Rehabilitation Act, the Court should enter summary judgment on the following issues for which there is no dispute of material fact:

13. APD receives federal funding.

14. DOS receives federal funding.

15. TDMHSAS receives federal funding.

16. The Individual Plaintiffs and TCH's prospective patients are addicted to opiates and are individuals with a disability.

17. TCH has associational standing to assert a Section 504 claim under the Rehabilitation Act on behalf of prospective patients of the methadone clinic TCH seeks to establish in Johnson City, Tennessee.

18. The Individual Plaintiffs are "otherwise qualified" for the program, activity, or services from which they were excluded.

19. The Individual Plaintiffs and TCH's prospective patients were denied benefits or subject to discrimination by Defendants solely because of their disability.

For purposes of both the Plaintiffs' ADA and Rehabilitation Act claims, the Court should enter summary judgment on the following issues for which there is no dispute of material fact:

20. The Defendants have failed to make a reasonable accommodation to the Individual Plaintiffs' or to TCH's request to locate the methadone clinic in Johnson City, Tennessee.

21. The Defendants have failed to shows that making a reasonable accommodation to the Individual Plaintiffs' or to TCH's request to locate the methadone clinic in Johnson City, Tennessee would constitute an undue burden on the program or service sought to be modified.

22. Defendants have failed to show that the Individual Plaintiffs, or any of TCH's methadone clinic patients, pose a significant risk to the health or safety of others, or to the Johnson City, Tennessee community.

23. Defendants manifested deliberate indifference to Plaintiffs' ADA and Rehabilitation Act claims by failing to make a reasonable accommodation to TCH's request to locate the methadone clinic in Johnson City.

24. The Defendants intentionally discriminated against TCH and the Individual Plaintiffs in violation of the ADA and the Rehabilitation Act.

In support of this motion, Plaintiffs rely upon, and incorporate herein by reference, the entire case record, including, without limitation,

    a. Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment and documents filed with and attached thereto;

b. Declarations of Steve Kester [Doc. 15-17], Dr. David Lentz [Doc. 15-18], M.D., Dr. Robert G. Newman, M.D. [Doc. 15-19]; Jane Doe Nos. 1-2 [Doc. 15-20,], John Doe Nos. 1-6 [Doc. 15-21], and James A. Dunlap Jr., and documents attached thereto ;

c. All Exhibits filed with or attached to Plaintiff's Motion for Summary Judgment.

In granting Plaintiffs' Motion for Summary Judgment, Plaintiffs request the Court provide the following relief:

a. Find and declare the Defendants' action and inaction in refusing to provide TCH a reasonable modification of their rules and procedures to enable TCH to establish an OTP in the City of Johnson City violates Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

b. Issue a permanent injunction enjoining Defendants from continuing to violate Title II of the American with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 by denying TCH a CON, necessary licenses and permits, to allow it to open and operate a methadone clinic at 4 Wesley Court, Johnson City, Tennessee.

c. Issue a permanent injunction ordering Defendants to issue to TCH a CON, and necessary licenses and permits to allow it to open and operate a methadone clinic in Johnson City, Tennessee.

d. Award Plaintiffs their expenses of litigation, including reasonable attorney fees, expert witness fees, and costs.

e. Award Plaintiffs damages in an amount to be shown and briefed at a later date.

f. This Court retains jurisdiction of this case until Defendants have fully

complied with the orders of this Court so that TCH has time to establish and begin operating its clinic in Johnson City within a reasonable time period free of further and additional discrimination by Defendants, and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Plaintiffs request the opportunity to brief the issue of damages and the award of attorney's fees and costs at a later date.

Dated: December 4, 2016

**/s/James A. Dunlap Jr.**
James A. Dunlap Jr., Esq.
James A. Dunlap Jr. & Assoc. LLC
Georgia State Bar No. 003280
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

James S. Higgins, Esq. . BPR # 16142
The Higgins Firm PLC
525 4th Ave S
Nashville, TN 37210
Phone (615) 353-0930
Fax (615) 467-2443
rdp@higginsfirm.com
Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2016, a copy of the foregoing document(s) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Sue A. Sheldon, Esq.
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202

Sara Elizabeth Sedgwick
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207

Kent Erickson Herrin, Esq.
Herrin, Booze & McPeak
515 E Unaka Avenue
Johnson City, TN 37601

Thomas J. Garland , Jr.
Milligan & Coleman PLLP
P O Box 1060
Greeneville, TN 37744-1060

                                        **/s/James A. Dunlap Jr.**
                                        James A. Dunlap Jr., Esq.